IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ANTHONY MONSEN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT<br><br><br>Case No. 2:24-CR-294-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant/Petitioner Robert Anthony Monsen's Motion to Stay Execution of Judgment.[1] Mr. Monsen pleaded guilty to one Count of Theft of Government Funds, punishable by 18 U.S.C. § 641, on September 16, 2024. Subsequently, this Court sentenced Mr. Monsen to 18 months' imprisonment, which was below the low end of the guideline range. At sentencing, Mr. Monsen was directed to self-surrender to the Bureau of Prisons on February 21, 2025.

On January 16, 2025, Mr. Monsen filed a Motion to Vacate Conviction and Sentence under 28 U.S.C § 2255, alleging ineffective assistance of counsel. The Court has since directed the government to respond to the § 2255 Motion.[2] Mr. Monsen now seeks to stay execution of the judgment and delay his self-surrender date until after his § 2255 Motion has been resolved.

---

[1] Docket No. 32.

[2] Case No. 2:25-cv-40, Docket No. 3.

While no specific Constitutional or statutory authority exits, federal courts have the inherent power to release a prisoner pending a petition for habeas relief.[3] "However, this authority is to be exercised very sparingly."[4] "An inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition."[5]

Mr. Monsen argues judgment should be stayed because: he is likely to succeed on the merits of his case; he will suffer irreparable harm if he is forced to serve part of a sentence that is later vacated; delay of his incarceration will not harm the government or public because he does not pose a threat to the public; and "[t]he public interest is best served by ensuring that no individual is incarcerated under a potentially unlawful conviction or sentence."[6]

First, Mr. Monsen's arguments do not support that his case presents exceptional circumstances. That he could suffer irreparable harm if he serves part of a sentence that is later vacated, and that he has complied with all pretrial release conditions and therefore may not pose a threat to the public, are issues common to post-conviction proceedings.[7]

---

[3] *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).

[4] *United States v. Lattany*, No. 23-cr-00074-NYW-1, 2023 WL 8259048, at *1 (D. Colo. Nov. 29, 2023) (internal quotation marks and citations omitted) (collecting cases).

[5] *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006) (citing *Pfaff*, 648 F.2d at 693).

[6] Docket No. 32, at 3.

[7] *See Lattany*, 2023 WL 8259048, at *3 ("[T]o demonstrate extraordinary circumstances justifying release, the petitioner must demonstrate that her case is distinguishable from other habeas cases.") (internal quotation marks and citation omitted); *Miller v. United States Army*, No. 21-3194-JWL, 2021 WL 5113675, at *1 (D. Kan. Nov. 3, 2021) ("It is not enough to argue that release would make the logistics of pursuing his claims easier, as the same could be said in any case."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) ("[Defendant's] compliance with the terms of his pretrial release, his lack of a criminal record, his payment of

The Court next considers whether Mr. Monsen has demonstrated a clear case on the merits. "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result."[8] "When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, . . . the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[9]

In support of his Motion to Stay, Mr. Monsen states that his ineffective assistance of counsel claim "has raised substantial legal and constitutional issues . . . and warrant[s] full judicial review before incarceration."[10] Mr. Monsen's § 2255 Motion alleges that he received ineffective assistance of counsel because his counsel: failed to challenge and investigate certain evidentiary claims made by the prosecution; failed to inform him about the right to an indictment; and failed to provide overall adequate representation.

Regarding the alleged failure to investigate and challenge evidentiary claims, Mr. Monsen asserts that the government violated his Fourth Amendment rights, his counsel should therefore have filed a motion to suppress, that such motion would have been successful, and the government would then have no basis to bring charges to which Mr. Monsen could plead guilty.

---

child support, and his ongoing employment are commendable, but they are not clearly out of the ordinary, uncommon, or rare.") (internal quotation marks and citation omitted).

[8] *Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, at 688 (1984)).

[9] *Id.* at 364–65 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[10] Docket No. 32, at 2.

However, Mr. Monsen fails to provide sufficient details as to the alleged Fourth Amendment violation to allow the Court to assess the legitimacy of this claim. Without such details, Mr. Monsen has failed to clearly demonstrate that but for his counsel's errors, he would not have pleaded guilty.

As to the right to an indictment, Mr. Monsen asserts that counsel's alleged failures prejudiced his "ability to challenge procedural deficiencies and undermin[ed] the fairness of the judicial process."[11] However, he does not assert facts to clearly demonstrate that but for this alleged failure on behalf of counsel, he would not have pleaded guilty. Nor does Defendant challenge the record, which supports that he knowingly and voluntarily waived his right to an indictment.[12] While Mr. Monsen states conclusively that but for his counsel's deficiencies, "the outcome would have been considerably different,"[13] the Motion lacks sufficient allegations to support a clear case that but for his counsel's errors, he would not have accepted a guilty plea.

Based on this analysis, the Court concludes that Mr. Monsen's § 2255 Motion has not presented a clear case on the merits of a claim of ineffective assistance of counsel sufficient to warrant a stay of the judgment. Because Mr. Monsen has not demonstrated either exceptional circumstances or a clear case on the merits, the Court will deny the Motion to Stay.

IT IS ORDERED that Defendant Robert Anthony Monsen's Motion for Stay of Execution of Judgment (Docket No. 32) is DENIED.

---

[11] Case No. 2:25-cv-40, Docket No. 1, at 9.

[12] Docket No. 8.

[13] Case No. 2:25-cv-40, Docket No. 1, at 5.

DATED this 14th day of February, 2025.

BY THE COURT:

_____

Ted Stewart
United States District Judge