# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT ANTHONY MONSEN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER<br><br><br>Case No. 2:24-CR-294-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant/Petitioner Robert Anthony Monsen's Motion to Reconsider his Motion to Stay Execution of Judgment.[1] Mr. Monsen pleaded guilty to one count of Theft of Government Funds on September 16, 2024. Subsequently, this Court sentenced Mr. Monsen to 18 months' imprisonment and directed him to self-surrender to the Bureau of Prisons on February 21, 2025. On February 6, 2025, Mr. Monsen filed a motion to stay execution of judgment[2] and delay his self-surrender date until after his motion to vacate his sentence has been resolved.[3] The Court denied his Motion on February 14, 2025. Mr. Monsen now seeks the Court's reconsideration of the denial.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them."[4] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously

---

[1] Docket No. 36.

[2] Docket No. 32.

[3] *See* Case No. 2:25-cv-40, Docket No. 1.

[4] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citation omitted).

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5] However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[6]

As stated in the Court's February 14 Order, the applicable controlling law states that "[a]n inmate seeking federal habeas relief must, in order to obtain release pending a determination on the merits of his petition, make a showing of exceptional circumstances or demonstrate a clear case on the merits of his habeas petition."[7] Mr. Monsen does not assert that this is the incorrect standard or that it was applied erroneously. He further does not assert any additional facts that would meet the requisite showing of exceptional circumstances or demonstrate a clear case on the merits of his § 2255 Motion. The Court is bound by the legal standards articulated by the Tenth Circuit. Having found no legal or factual basis to reconsider the Court's denial of Mr. Monsen's Stay of Execution of Judgment, the Court will deny Mr. Monsen's Motion to Reconsider.

IT IS ORDERED that Defendant Robert Anthony Monsen's Motion for Reconsideration (Docket No. 36) is DENIED.

DATED this 19th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Christy*, 739 F.3d at 539.

[7] *United States v. Palermo*, 191 F. App'x 812, 813 (10th Cir. 2006) (citing *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981)).